# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____
)
**NATE CORLISS,**                               )
                                )
        **Petitioner,**            )
                                )      **Civil Action No.**
        **v.**                          )      **17-10017-FDS**
                                )
**SHERIFF JAMES CUMMINGS,**         )
                                )
        **Respondent.**          )
_____)


## MEMORANDUM AND ORDER
## ON PETITION FOR A WRIT OF HABEAS CORPUS

**SAYLOR, J.**

This is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 24, 2016, Corliss pleaded guilty in the Orleans District Court to fourteen counts of violating an abuse prevention order in violation of Mass. Gen. Laws ch. 209A § 7. The state court sentenced him to two and a half years in the house of corrections. It appears that petitioner has not filed an appeal yet with any Massachusetts appellate court.

Corliss has filed an amended petition for habeas relief based on four different grounds. Respondent James Cummings, Sheriff of Barnstable County, has filed a motion to dismiss because petitioner has not exhausted any of his state remedies. For the following reasons, the motion will be granted.

**I.**     **Background**

    **A.**     **Factual Background**

On April 19, 2016, Corliss's ex-girlfriend filed a complaint with the Dennis police. (Arr.

Tr. at 5). She reported that there was an outstanding restraining order against him that included a no-contact provision. (*Id.*). However, over the preceding 24 hours, Corliss had sent her at least four e-mails, called her on the telephone, and showed up at her home, repeatedly professing his love for her. (*Id.* at 5-6). Corliss later denied to investigating officers that he had sent the emails in question. (Sen. Tr. at 8).

At his arraignment on April 22, 2016, Corliss attempted to plead guilty to the charges against him and indicated he wanted to waive his right to an attorney. (Arr. Tr. at 8). Subsequently, at his bail hearing on May 10, 2016, he again attempted to plead guilty and waive his right to an attorney. (Bail Tr. at 2). However, the court entered a "not guilty" plea to "preserve [his] rights" and reminded him of his right to counsel. (*Id.* at 3-4).

At his sentencing hearing on May 24, 2016, before Judge Robert Welsh, Corliss stated that he had post-traumatic stress disorder and severe depression. (Sen. Tr. at 4). However, he denied that those conditions affected his decision-making abilities. (*Id.*). The court reminded him of his constitutional rights to counsel and to trial by jury, but he affirmed that he wanted to waive those rights. (*Id.* at 4-5). Throughout the proceeding, Corliss indicated that he was knowingly and willingly pleading guilty. The court, in light of the impact on the victim and petitioner's criminal history,[1] followed the state's recommendation in sentencing him to two and a half years for each violation, to be served concurrently. (*Id.* at 16).

B. **Procedural Background**

On the same day Corliss was sentenced, he filed a notice of intent to appeal. (Docket No. 1, Ex. 1 at 7). Pursuant to Mass. R. Crim. P. 29, he moved to revise and revoke his sentence, but

---

[1] It appears that petitioner has been (1) convicted for a federal firearms charge and sentenced to 57 months in prison; (2) convicted for a probation violation; and (3) been the subject of 17 restraining orders filed by 12 different parties. (Docket No. 6, Ex. 1 at 14).

2

requested "that no immediate action be taken on this motion." (*Id.* at 10). Judge Welsh denied the motion without a hearing. (*Id.*). Corliss then attempted to move for a new trial under Mass. R. Crim. P. 30. (Pet'r Aff. ¶ 11; Docket No. 6, Ex. 1 at 2).

The Committee for Public Counsel Services assigned attorney Kyle Wibby to investigate Corliss's attempts to withdraw his guilty plea. (Pet'r Aff. ¶ 10). Wibby had been present for Corliss's sentencing on May 24, 2016, as Wibby was the attorney on duty at Orleans District Court. (Docket No. 1, Ex. 1 at 15). In an affidavit, Wibby stated that "there was mention of possible competency issues" with Corliss. (*Id.*). However, Wibby was replaced by attorney Kathleen Hill. (*Id.* at 14). She entered a limited appearance on Corliss's behalf on September 6, 2016. (*Id.* at 16).

Proceeding *pro se*, Corliss filed a habeas petition with this Court on January 4, 2017, based on 18 different grounds. (Docket No. 1). However, because the petition did not comply with Rules 2 and 3 of the Rules Governing § 2254 Cases, the Court ordered him to file an amended petition. (Docket No. 5). The amended petition was filed on March 16, 2017, and claimed four grounds for relief: (1) "circumstances exist[ed] that render such [due] process ineffective to protect the rights of [petitioner]"; (2) disability and incapacitation rendered him unable to proceed *pro se*; (3) violations of the oath of office by Judge Welsh and the prosecuting assistant district attorney; and (4) false imprisonment. (Docket No. 6). Respondent has moved to dismiss, contending that Corliss failed to exhaust all of his remedies in state court.

II.     **Analysis**

Before applying for a writ of habeas corpus, a petitioner must exhaust his available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). Specifically, the petitioner must demonstrate that he has "exhausted his state remedies by having first presented the federal

3

constitutional issue to the state courts for their decision." *Goodrich v. Hall*, 448 F.3d 45, 47 (1st Cir. 2006). Where a claim raised in a petition for a writ of habeas corpus is unexhausted, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (citing *Darr v. Burford*, 339 U.S. 200, 204 (1950)). For a claim to be exhausted, the claim must have been fairly presented to the state court. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

Petitioner has not filed any appeal with any state appellate court. Because no Massachusetts court has had the opportunity to remedy any constitutional violations, this Court must grant respondent's motion to dismiss. *See* 28 U.S.C. § 2254(b)(1); *see also Rose*, 455 U.S. at 518.

Nor has petitioner demonstrated why this Court should stay his petition. When a petitioner files a "mixed" petition containing both exhausted and unexhausted claims, he may request that the federal court stay the habeas petition and hold it in abeyance until petitioner has had time to exhaust his unexhausted claims at the state level. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). However, the Court's discretion is circumscribed, as its decision must "be compatible with AEDPA's purposes." *Id.*[2] Accordingly, "stay and abeyance should be available only in limited circumstances." *Id.* at 277. The circumstances in which a stay and abeyance is appropriate are

> where: (1) "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," (2) the "unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." In cases where these criteria are not satisfied, the Supreme Court held that "the [district] court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted

---

[2] AEDPA is the Anti-Terrorism and Effective Death Penalty Act of 1996, codified in relevant part at 28 U.S.C. § 2254.

4

claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."

*Clements v. Maloney*, 485 F.3d 158, 169 (1st Cir. 2007) (citations omitted) (quoting *Rhines*, 544 U.S. at 277-78).

A stay is not warranted because (1) none of petitioner's claims have been exhausted and (2) he has not demonstrated the "good cause" required for a stay and abeyance. The amended petition contends that the exhaustion requirement should be waived because petitioner was ignorant of the law, disabled, without counsel, lacked expert witnesses, and was the target of a conspiracy by Judge Welsh and the prosecuting assistant district attorney. However, ignorance of the law does not constitute good cause. *Josselyn v. Dennehy*, 475 F.3d 1, 5 (1st Cir. 2007). Furthermore, the other claims do not adequately explain why it would be futile for petitioner to file an appeal with the state appellate courts. *See Womack v. Saba*, 2012 WL 685888, at *4 (D. Mass. Mar. 1, 2012).

## III.    Conclusion

For the reasons stated above, respondent's motion to dismiss is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: October 2, 2017    United States District Judge