UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**NATE CORLISS,**                   )
                                    )
       Petitioner, )
                                    )  Civil Action No.
       v.           )  17-10017-FDS
                                    )
**SHERIFF JAMES CUMMINGS,**         )
                                    )
       Respondent.  )
_____)

## ORDER ON MOTION FOR RECONSIDERATION

**SAYLOR, J.**

On January 4, 2017, petitioner Nate Corliss brought a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He had pleaded guilty in the Orleans District Court to fourteen counts of violating an abuse prevention order in violation of Mass. Gen. Laws ch. 209A § 7. On October 2, 2017, this Court denied the petition, finding that he had not exhausted remedies available in state court. (Docket No. 25). On October 12, 2017, petitioner moved for reconsideration of that order. (Docket No. 27).

A motion seeking "to set aside the court's prior rulings solely on the basis of alleged legal errors [ ] is properly treated as a motion [for reconsideration] brought under Rule 59(e)." *Acevedo-Villalobos v. Hernandez*, 22 F.3d 384, 390 (1st Cir. 1994). A motion for reconsideration will be granted only upon a showing of (1) a "manifest error of law," (2) new evidence, or (3) a misunderstanding or other error "not of reasoning but apprehension." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81-82 (1st Cir. 2008). However, a Rule 59(e) motion is not an appropriate means to "repeat old arguments previously considered and rejected, or to

raise new legal theories that should have been raised earlier." *Nat'l Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990).

Petitioner fails to show that reconsideration is warranted. His latest motion largely repeats arguments this Court previously rejected. For example, among other things petitioner contends that practices of the Committee for Public Counsel Services "deprive[d] indigents of proper appeals," that Massachusetts intentionally prevents the indigent and disabled from "appealing anything . . . resulting in the rampant corporate manslaughter of innocent people," and that he was "coerced by the respondent's cruel and unusual punishment" into pleading guilty. (Docket No. 27, at 3, 5, 7). None of these arguments plausibly explain why it would be futile for him to file a state court appeal. On the contrary, it appears that the day after the Court issued its memorandum and order, an appeal was docketed in the Massachusetts Appeals Court. (Docket No. 31, Ex. A).

Therefore, because petitioner has not yet exhausted his remedies available in state court as required by 28 U.S.C. § 2254(b)(1), the motion for reconsideration will be DENIED.
**So Ordered.**

Dated: November 8, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge